IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM CONKLIN, III, et al.,

        Plaintiffs,

v.                                   CIVIL ACTION NO. 2:16-cv-08604

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY, et al.,

        Defendants.

## MEMORANDUM OPINION & ORDER

Pending before the court are two motions: (1) the defendant Nationwide Property and Casualty Insurance Company's Motion to Transfer Venue [ECF No. 8] and (2) the defendant Patricia L. Palmer's Motion to Dismiss Complaint [ECF No. 6]. The plaintiffs, William Conklin III and Beth Conklin, did not file a response to either motion, making them ripe for adjudication.

For the following reasons, the court **HOLDS IN ABEYANCE** the Motion to Dismiss [ECF No. 6], and **GRANTS** the Motion to Transfer Venue [ECF No. 8] and **TRANSFERS** this action to the United States District Court for the Northern District of West Virginia, Elkins Division.

    I.    Background

On August 4, 2016, the plaintiffs filed their Complaint in the Circuit Court of Kanawha County, West Virginia, against the defendants, Nationwide Property and

Casualty Insurance Company ("Nationwide") and its agent Patricia L. Palmer ("Ms. Palmer"). Notice of Removal Ex. A, at ¶¶ 1–3 [ECF No. 1-1] ("Compl."). The Complaint alleges that the plaintiffs purchased an insurance policy from the defendants to cover their residential home and that after the plaintiffs suffered a loss under their policy, Nationwide denied coverage. *Id.* at ¶¶ 7, 10–12. Further, the plaintiffs allege that they "were told that their property would be covered for the type of damage that occurred." *Id.* at ¶ 12. Based on these allegations, the plaintiffs assert five causes of action: breach of contract, violations of the Unfair Claims Practice Act and Insurance Regulations, common law bad faith, negligence in selling an insurance policy, and reasonable expectations to provide coverage. *Id.* at ¶¶ 14–51. The Complaint contains no allegations concerning the details of the plaintiffs' loss, where specifically the plaintiffs currently reside, where Ms. Palmer lives and works, or where the plaintiffs' property covered by the policy is located.

According to the plaintiffs' policy declarations, however, the plaintiffs purchased their policy for a residence located at 120 Sunset Drive, Elkins, West Virginia. Mot. Transfer Venue Ex. 1, at 1 [ECF No. 8-1]. At the time the plaintiffs purchased their policy, Ms. Palmer worked as an agent of Nationwide at 300 Railroad Avenue, Elkins, West Virginia. Mot. Transfer Venue Ex. 2 [ECF No. 8-1]. Additionally, BCT Construction, which operates at 45 George Street, Elkins, West Virginia, performed an estimate on the damage to the plaintiffs' residence. Mot. Transfer Venue Ex. 3 [ECF No. 8-1].

The defendants removed this action to the United States District Court for the Southern District of West Virginia on a theory of fraudulent joinder. Notice of Removal ¶¶ 13–16. Thereafter, Ms. Palmer filed her Motion to Dismiss, and Nationwide filed its Motion to Transfer Venue. Nationwide seeks transfer of this case to the Northern District of West Virginia, Elkins Division, on the grounds that all witnesses are located in Elkins; the policy property is located in Elkins; the policy was purchased from an agent in Elkins; and the property estimate was conducted in Elkins by a company operating in Elkins. *See* Mem. Supp. Mot. Transfer Venue 2–4 [ECF No. 9].

## II. Legal Standard

The defendant urges the court to transfer venue to the Northern District of West Virginia, Elkins Division, pursuant to the provisions of 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

When evaluating a motion to transfer, the district court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Thus, district court judges have discretion under 28 U.S.C. § 1404(a) when making decisions to transfer a case. *Brock v. Entre Comput. Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991). Seven factors are commonly considered by this Court when ruling on transfer motions: (1) ease of access to sources of proof; (2) the

convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice. *AFA Enters., Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 908 (S.D. W. Va. 1994). It is under this direction that the court must analyze the issue.

### III.   Discussion

Having considered these factors, the court concludes that this action should be transferred to the United States District Court for the Northern District of West Virginia, Elkins Division. The first *AFA* factor, ease of sources of proof, tilts heavily toward the Northern District of West Virginia. Because the property is located in Elkins, West Virginia, and the office at which the plaintiffs purchased their policy is in Elkins, West Virginia, the sources of proof will be located in Elkins, West Virginia. Understandably, transferring this case to the Northern District of West Virginia will increase "ease of access to proof." *Id.* at 908.

*AFA* factors (2) through (5) also favor the Northern District of West Virginia, Elkins Division. The Northern District is a more convenient location because the majority of the witnesses, specifically the plaintiffs, Ms. Palmer, and BCT Construction, are all located in Elkins, West Virginia, within the Northern District's bailiwick.

The final two factors, (6) the interest in having local controversies decided at home and (7) the interests of justice, also direct this court toward transferring the

4

case to the Northern District of West Virginia, Elkins Division. At the heart of the matter, this case involves a policy sold by an agent in Elkins, West Virginia, to cover residential property in Elkins, West Virginia.

It is important to stress that a plaintiff's choice of forum is to be given considerable weight, and a transfer motion must be denied "if it would merely shift the inconvenience from the defendant to the plaintiff." *AFA Enters., Inc.*, 842 F. Supp. at 908. However, the inconvenience is not merely shifted from the defendants to the plaintiffs in this case. Transferring the case to the Northern District of West Virginia will provide all of the parties, including the plaintiffs, with better access to witnesses and sources of proof because the material facts occurred in Elkins, West Virginia. The overall "convenience of the parties, a critical consideration, will be enhanced by the transfer." *Id.* Indeed, the plaintiffs have not opposed the Motion to Transfer Venue. Nationwide has met its burden of demonstrating that this case should be transferred for the convenience of the parties and in the interests of justice.

For the reasons set forth above, the court **HOLDS IN ABEYANCE** the Motion to Dismiss [ECF No. 6], and **GRANTS** the Motion to Transfer Venue [ECF No. 8] and **TRANSFERS** this action to the United States District Court for the Northern District of West Virginia, Elkins Division.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 4, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE